UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID JANKOWSKI,

    Plaintiff,                                                 Civil Action No. 18-CV-12850

vs.                                                           HON. BERNARD A. FRIEDMAN

PROVIDENT LIFE AND ACCIDENT
INSURANCE COMPANY,

    Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTIONS TO DISMISS

This matter is presently before the Court on defendant's motions to dismiss [docket entries 4 and 8]. Plaintiff has responded to both motions and defendant has filed a reply. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide these motions without a hearing.

Plaintiff alleges that he is entitled to benefits under a disability insurance policy issued by defendant. Plaintiff alleges that defendant began paying him benefits under this policy in August 2007, but that approximately ten years later, in December 2017, it stopped doing so on the grounds that he was no longer disabled. Claiming that defendant's decision to stop paying benefits violates the terms of the policy, plaintiff asserts claims for breach of contract (Count I), unfair and prohibited trade practices (Count II), and violation of ERISA (Count III).

Defendant argues that Counts I and II should be dismissed because they are preempted by ERISA. While ERISA generally does preempt state-law claims, *see, e.g., Pilot*

*Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987), plaintiff alleges that the policy in this case "comes within the 'safe harbor' exception to ERISA." Am. Compl. ¶ 25. Defendant urges the Court to reject this argument because

> on its face, the policy is an employer established and maintained policy that is clearly not within ERISA's safe harbor regulations because, among other things, Plaintiff's employer paid 100% of the policy premiums, and obtained significant premium discounts pursuant to a Salary Allotment Agreement between Provident Life and Plaintiff's employer, both of which constitute "employer contributions" to the policy and take it out of the "safe harbor" regulations.

Def.'s Br. at 2.

The "safe harbor" regulations, 29 C.F.R. § 2510.3-1, state:

(j) Certain group or group-type insurance programs. For purposes of title I of the Act and this chapter, the terms "employee welfare benefit plan" and "welfare plan" shall not include a group or group-type insurance program offered by an insurer to employees or members of an employee organization, under which

> (1) No contributions are made by an employer or employee organization;
>
> (2) Participation the program is completely voluntary for employees or members;
>
> (3) The sole functions of the employer or employee organization with respect to the program are, without endorsing the program, to permit the insurer to publicize the program to employees or members, to collect premiums through payroll deductions or dues checkoffs and to remit them to the insurer; and
>
> (4) The employer or employee organization receives no consideration in the form of cash or otherwise in

> connection with the program, other than reasonable compensation, excluding any profit, for administrative services actually rendered in connection with payroll deductions or dues checkoffs.

"A policy will be exempted under ERISA only if all four of the 'safe harbor' criteria are satisfied." *Thompson v. Am. Home Assur. Co.*, 95 F.3d 429, 435 (6th Cir. 1996).

The basis of defendant's motions – i.e., whether the safe harbor regulations apply to the policy at issue in this case – cannot be resolved on a motion to dismiss. Defendant argues that the first and third criteria are not met, but to support this argument defendant relies on matters outside the pleadings, including the policy application, the pricing of the policy (based on, defendant argues, the Salary Allotment Agreement between defendant and plaintiff's employer, and on a "group volume discount"), and billing data (with defendant claiming that "plaintiff's employer paid 100% of the Policy premium," while plaintiff claims he paid the premiums himself). These matters go beyond the complaint itself and cannot be considered on a motion to dismiss. *See Gavitt v. Born*, 835 F.3d 623, 640 (6th Cir. 2016) (noting that in ruling on a Rule 12(b)(6) motion, a court may consider the complaint itself and "exhibits attached to the complaint, public records, items appearing in the record of the case, and exhibits attached to defendant's motion to dismiss, so long as they are referred to in the complaint and are central to the claims contained therein"). In the present case, this rule permits the Court to consider nothing more than the complaint and the policy, which the complaint references and which is central to plaintiff's claims.

If the disability insurance policy at issue in this case is an ERISA plan, then

3

plaintiff's state-law claims are preempted. Whether or not the policy is an ERISA plan depends on factual inquiries that cannot be resolved on a motion to dismiss. Accordingly,

IT IS ORDERED that defendant's motions to dismiss are denied.

                                       s/Bernard A. Friedman
Dated: December 4, 2018        BERNARD A. FRIEDMAN
Detroit, Michigan               SENIOR UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 4, 2018.

                                       s/Johnetta M. Curry-Williams
                                       Case Manager